**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

LaWAYNE NATT                                                                                               PLAINTIFF
ADC #119599

V.                                          NO: 5:09CV00374 JMM/HDY

DONALD TATE *et al.*                                                                                  DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District
       Judge (if such a hearing is granted) was not offered at the

1

        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

        Clerk, United States District Court
        Eastern District of Arkansas
        600 West Capitol Avenue, Suite A149
        Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, currently incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint (docket entry #2), pursuant to 42 U.S.C. § 1983, on December 3, 2009.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on September 20, 2010, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id.* at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.  The events giving rise to this complaint occurred while Plaintiff was held in administrative segregation at the ADC's Cummins Unit.

2.  Defendants are Capt. Donald Tate, Warden Gaylon Lay, ADC director Larry Norris, CO-I Eddie Knight, Sgt. Climestene Owens, CO-I Jrod Price, Assistant Warden Danny Burl, and CO-I Darren Dill. With the exception of Norris, all Defendants were working at the Cummins Unit at the time of the events in question.

3.  According to Plaintiff, he and inmate Ben Brooks had been sharing a cell for approximately a month, when Price and Dill conducted a cell search on December 19, 2008. Owens was supervising at the time. Because he had "heard" that Brooks had a history of violence, Plaintiff asked the officers to thoroughly search the cell, and also asked Owens if he could be moved. Plaintiff was not moved at that time.

4.  On December 24, 2008, Brooks and another inmate were having an argument over Brooks's desire to place a bet on a football game. Plaintiff told Brooks that he should not engage in an argument with the other inmate, and that Brooks was "acting his shoe size," rather than his age of almost 50 years. At that point, Brooks sprayed Plaintiff in the eyes with a liquid medication that temporarily blinded him, and then began attacking Plaintiff with a homemade knife. After being stabbed several times by Brooks, and sustaining minor injuries, Plaintiff was able to control Brooks to prevent any further injury. Officers arrived, sprayed both men with chemical spray, and removed them from the cell without further incident. Plaintiff received a disciplinary for his role in the

situation (Defendant's Ex. No. 6) and according to Plaintiff, Brooks was charged with a criminal offense.

5. As a preliminary matter, the undersigned concludes that Plaintiff's claims against Defendants Tate, Lay, Norris, Price, Burl, and Dill, must be dismissed due to his failure to exhaust his administrative remedies against them. Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Exhibits introduced by Defendants, and Plaintiff's own testimony, confirm that Plaintiff exhausted his administrative remedies with respect to only Owens and Knight. Because Plaintiff has exhausted his administrative remedies only against Knight and Owens, his claims against all other Defendants should be dismissed without prejudice.

6. Plaintiff's claims against Knight and Owens are essentially that they failed to protect him from Brooks's assault. Plaintiff alleges that he asked Owens to move him several days before the assault, and that she failed to move him, or to investigate Brooks's history of violence. Plaintiff faults Knight for failing to intervene when the assault was in progress, despite calls for help from other inmates, and eventually Plaintiff himself.

In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was]

incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)).

Regarding the first factor set forth in *Farmer*, Plaintiff argues that housing him in administrative segregation with an inmate with a history of violence exposes him to a substantial risk of serious harm. The facts Plaintiff introduced do not support that contention. Although Plaintiff complained to Owens that he did not want to be housed with Brooks due to Brooks's alleged violent history, several days passed from the time he spoke to Owens before the attack occurred.[1] Plaintiff admitted that he made no effort to put Brooks on his enemy alert during that time or in the month that they shared a cell. Moreover, the facts demonstrate that the attack from Brooks occurred after Plaintiff introduced himself into an argument Brooks was having with another inmate, and was not merely the result of Plaintiff being housed with Brooks.

Even if Plaintiff had been exposed to a substantial risk of serious harm due to the housing assignment, no facts were introduced to suggest that either Owens or Knight had any responsibility

---

[1] Plaintiff testified that Owens was not present at the time of the assault.

for Plaintiff's housing assignment or that they were aware of any history Brooks had for violent behavior. Likewise, although Plaintiff argued that policies should have been in place to prevent such housing arrangements, he introduced no facts to demonstrate that either Owens or Knight were responsible for prison policy.[2]

With respect to the second factor, Plaintiff failed to introduce facts to demonstrate that either Owens or Knight was deliberately indifferent to the risk he faced. While Plaintiff complained to Owens that he did not want to be housed with Brooks, Plaintiff introduced no facts to establish that Owens was aware of Brooks's violent history. As discussed earlier, Plaintiff did not place Brooks on his enemy alert list. Plaintiff complained that Knight failed to respond while the attack was in progress, but he conceded that when he actually called for help, other officers arrived within seconds.[3] Moreover, Plaintiff conceded that, at the time of the attack, Knight was collecting trays, and also had responsibility for inmates who were moving from their cells to the shower. Therefore, Plaintiff has failed to introduce sufficient facts to create a fact issue to be submitted to a jury with respect to his claims that either Owens or Knight acted with deliberate indifference to any substantial risk of harm Plaintiff faced.

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury.

2. Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE with respect to

---

[2] Based on their positions, other Defendants such as ADC Director Norris, Warden Lay, or Captain Tate may have been involved in determining policy or housing assignments.

[3] According to Plaintiff, he struggled from some period of time with Brooks before he was able to call for help.

Defendants Donald Tate, Gaylon Lay, Larry Norris, Jrod Price, Danny Burl, and Darren Dill.

3.   Plaintiff's complaint be DISMISSED WITH PREJUDICE with respect to Defendants Eddie Knight and Climestene Owens.

4.   The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   21   day of September, 2010.

                                                    UNITED STATES MAGISTRATE JUDGE